ZACHARY, Judge, dissenting.
Although North Carolina's Baseball Rule is correctly stated above, the majority has applied the rule to a situation in which the baseball field operator is alleged to have provided inadequate screening down the first base line in addition to the minimum screening required, that is, the areas behind home plate. The instant case provides a fact scenario that has not been addressed by the courts of this State. The majority, however, endorses the imposition of a blanket rule divorced from the circumstances of this case. For these reasons, I respectfully dissent and vote to reverse the trial court's order granting summary judgment in favor of defendant.
I agree with the majority that "a baseball field operator is not required to provide screening in all of the areas where patrons may be during a game"; rather, "[i]t is enough to provide screened seats, in the areas back of home plate where the danger ... is greatest...." Erickson v. Lexington Baseball Club , 233 N.C. 627, 628, 65 S.E.2d 140, 141 (1951). Our law does not require the baseball field operator to extend the screening beyond this minimum.
Where the baseball field operator chooses to provide additional screening, however, long-established principles of common law negligence impose a duty on the operator to use reasonable care and to provide adequate screening. Screening can be "adequate," as a matter of law, only when the screening provides reliable and effective protection to spectators who rely on it. Our Supreme Court recognized as much in Cates v. Cincinnati Exhibition Co. , in which it concluded that baseball field operators "are held to have discharged their full duty to spectators ... by providing adequately screened seats for patrons who desire them ...," with the "screen being reasonably sufficient as to extent and substance." 215 N.C. 64, 66, 1 S.E.2d 131,133 (1939) (emphasis added and citations omitted).
In my view, once it is properly alleged that an opening-or in this case, a gap-in the screening allowed a baseball to pass through and injure a plaintiff situated in the protected area, only the jury may answer the question of whether the screening was adequately maintained or constructed. See Akins v. Glens Falls City Sch. Dist. , 53 N.Y.2d 325, 331, 424 N.E.2d 531, 534 (1981) (adopting and applying the general Baseball Rule but noting that "we [do not] suggest that where the adequacy of the screening in terms of protecting the area behind home plate properly is put in issue, the case should not be submitted to the jury").
The newly-renovated baseball field in the present case featured screening behind home plate as well as along the first base line. A dugout, guarded by a six-foot high gate, was situated between the screened sections. Critically, a ten-inch gap existed between the gate and the first base line screening. There is conflicting evidence as to exactly where plaintiff was standing when the foul ball struck him, but plaintiff maintains that he was positioned behind the first base line screening near the outfield-side of the gap. Plaintiff maintains that he chose this position because he believed the netting and the fence provided a safe area from which to observe the game, and that he did not maintain the vigilance that he would have otherwise if there had been no safety netting to lull him into a false sense of security.
After a careful review of the record, I conclude that defendant has failed to establish as a matter of law that the screening provided adequate protection to spectators. My conclusion is not based on plaintiff's "extraordinary hazard" theory. Rather, I simply conclude that where an operator provides screening, the operator must provide adequate screening and refrain from enhancing the risks that are inherent to baseball. Here, defendant provided substantial screening along the first base line, and further protected the spectator area with a fence. Plaintiff alleges that he chose to rely on the screening. Unbeknownst to plaintiff and others at the park, including a player and an assistant coach, a gap existed between the first base line screening and the fence post. Plaintiff's sense of security was thus illusory. Consequently, the gap might have increased plaintiff's risk of injury.
Given these circumstances, summary judgment was improper, as the trial court deprived the jury of the opportunity to decide whether defendant took reasonable precautions to ensure that the screened sections provided adequate protection to spectators. Indeed, genuine issues of material fact exist as to whether the gap increased the inherent risk of being struck by a thrown or batted ball, and whether the protective screening was adequate such that defendant's duty of care was fully discharged under the Baseball Rule. Because the jury should be able to decide whether the circumstances here made defendant's screening inadequate, I would reverse the trial court's order and remand for further proceedings.